Wilkin, J.
Van Camp was a stock subscriber to The Mt. Vernon Glass Company, an Ohio corporation. Barnard Brothers were creditors of the company. They entered suit in common pleas, for themselves and other creditors, against Van Camp and other subscribers to stock, for an accounting and for an order that the subscribers pay into court the amount found due from them to the company, and for such other relief as the plaintiffs and other creditors were entitled to. Barnard Brothers alleged that the glass company was insolvent and that it was indebted to them in the sum of $2,156 and to other creditors in the sum of $35,000, but they did not allege that they had reduced their claim to judgment, nor that there were no assets whereon to levy execution. Van Camp demurred that the petition did not state sufficient facts.
At the May term, 1910, on September 12, pending the demurrer, the court ordered McCulley, as trustee in bankruptcy of the glass company, to be substituted as plaintiff, with leave to file an amended petition and make one Ickes a party defendant. There was neither consent nor exception to this order. September 17 McCulley filed an amended petition, to which Ickes answered November 5. On November 10 Van Camp moved to strike out the order of September 12. At the November term, on November 29, this motion was sustained on the grounds of irregularity, for want of jurisdiction, and on the same day the court sustained the demurrer to the original petition and dismissed the case.
On error to the circuit court, October term, 1911, this judgment was reversed, judgment was entered *4 against Van Camp for costs and the cause was remanded for further proceedings. Error is prosecuted here to reverse the judgment of the circuit court.
The plaintiff in error says: “There are only two questions here made by the record, (1) the right of a creditor to sue for balance due on unpaid stock subscriptions; (2) the right to substitute a plaintiff entitled to maintain the suit for one not so entitled.”
Stripped of unnecessary verbiage, his argument, stated in the very language of his brief, is as follows:
(1) A creditor of a corporation does not by that relation acquire an interest in unpaid balances due on subscriptions to stock. Stock subscriptions are a fund, primarily for the benefit of the corporation, in which the creditors have no interest in the absence of insolvency of the corporation. Therefore, Barnard Brothers brought a suit which they were not entitled to maintain as creditors. It was the duty of the common pleas court to sustain the demurrer to the petition.
(2) Permission to the trustee to be substituted as plaintiff can not change the original case. The trustee merely takes the place of the plaintiff; if such plaintiff were not properly in court the substitution can not cure the defect. The trustee is entitled to maintain the suit only after summons issued (on his precipe) and served. If the trustee is substituted for a plaintiff who had no cause of action, the trustee sues without due issuance and Service of summons-.
*5 As to the first branch of the argument, the propositions may be accepted as sound, and from them the conclusion would logically follow that “it was the duty of the court to sustain the demurrer to the petition,” provided the court had performed that duty before the defect in the title to the suit had been cured by the substitution of a proper party plaintiff and before an amended petition had been filed, with proper allegations showing a right of action in the new plaintiff.
Manifestly there was in the beginning, as shown by the original petition, a cause of action in somebody. If Van Camp was owing an unpaid subscription to stock of this company and the company’s affairs were not wound up and liquidated, and the company was, as is alleged in the petition, insolvent, it was the duty of the subscribers to pay the money due for stock to somebody for the benefit of the company’s creditors. This was a duty which the court could enforce in a case properly brought before it.
The question is, in whom was the right to bring this suit? It was not in the creditors, Barnard Brothers, until they had put their claim in judgment and exhausted their remedies at law. The allegation of the latter fact was necessary to complete their right of action, and therefore there appears a defect in the title to the suit. The court was empowered, in furtherance of justice, to amend the proceedings by adding or striking out the name of any party, or by doing both. Section 11363, General Code. This it did by substituting the name of the party entitled for the name of the party *6 not entitled. This was right. L. S. & M. S. Ry. Co. v. Elyria, 69 Ohio St., 414; McDonald v. Nebraska, 101 Fed. Rep., 171.
As to the second branch of the argument, namely, that the substitution of parties changed the original case. The mere change of the name of the plaintiff in the title would not of course change the cause of action.
The fallacy in the plaintiff in error’s argument lies in confusion of terms. The defect of party plaintiff affects not the cause of action, but the right of action. . The right of action is in the real party in interest. The cause of action is the wrong which the real party in interest suffers. It shows a substantive or positive right which that wrong has violated. The right of action is an adjective or remedial right to invoke the court for redress of the wrong. Amending the title to the action does not in any way affect the substance of the cause of action. 1 'Bouvier’s (Rawle’s Rev.), 295; Pomeroy’s Code Remedies (4 ed.), Sec. *452 et seq.; 1 Cyc., 642.
If, then, the amendment to the body of'the petition does not change the nature of the cause of action, the defendant to the suit is.not compelled to answer to a new cause. The cause of action to which he was summoned is not changed by the amendment which is made by the substituted plaintiff. He states the same indebtedness, which may be answered by the same plea, but he adds an explanation of the origin of the debt. The action is a suit in equity — a proceeding to reach and convert equitable assets. The original plaintiff was, by the *7 statement of his case, not yet entitled to subject these assets to the satisfaction of his claim. The new plaintiff amended the statement by averments of fact' showing that he is invested by law with the right and title to convert these assets into funds— namely, by compelling payment of the stock subscriptions — for the benefit of all creditors of,the stock company. The defendant Van Camp is still in court to answer to the wrong which was complained of in the initial pleading, for the sake of the same redress which was therein prayed for. 31 Cyc., 485.
He is just where he should be, and the common pleas court erred in letting him out. What difference is it to him whether the distribution of the money which he owes to this insolvent corporation is made through a trustee in bankruptcy or through the court’s receiver in a creditors’ suit, for the creditors are the beneficiaries who will get the fund in either event ? All that the defendant can ask is that the suit be in the name of the real party entitled to bring suit, so that he cannot be haled into court again to answer upon the same demand for the same wrong.
It will be noticed the order of the common pleas court vacating its former order of substitution of the new plaintiff, was made at the November term upon motion. The former order was made at the May term. In the meantime the new plaintiff had filed his amended petition and the new defendant had answered to it. After the order expunging the former order was made, the court sustained a demurrer to the *8 original petition and dismissed the cause. The amended petition took the place of the original petition, and the answer to the amended petition made an issue; so that there were both a proper plaintiff and a defendant in the court presenting an altercation for judicial determination. And, as we have already shown, Van Camp was also in the court by the court’s summons to answer for the wrong alleged against him in the amended petition. When the real parties to the controversy were in the court, how was justice to be subserved by turning them all out and requiring the real plaintiff to institute a new suit? The policy of the law is to simplify, expedite and shorten the course of justice. On the other hand, the statute of limitation may have intervened, or the defendant debtor may have got beyond the jurisdiction of the court, and the plaintiff would lose his right of redress entirely, and to no just purpose whatever.
The discretionary control of the court over its own orders and judgments, during the term at which they are entered, ends with the term. The power of the court to set aside or vacate its judgments, subsequent to the term, is governed by settled principles to which the action of the court must conform, and for a departure from which the judgment or order of vacation may be reversed on proceedings in error. A judgment may be set aside upon motion, at a term subsequent to the judgment, for irregularity; but in a proceeding of this kind the court exercises an equitable jurisdiction, and should not vacate a judgment or order against the right or justice of the case. Huntington & McIntyre v. Finch & Co., 3 Ohio St., 445.
*9 The circuit court justly reversed the latter order and judgment of the common pleas court, and remanded the cause. The judgment of the circuit court must be, and is,

Affirmed.

Nichols, C. J., Shauck, Johnson, Donahue and Newman, JJ., concur.